UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                 Criminal No. 20-106(2) (DWF/BRT)

        Plaintiff,

v.                                                           **MEMORANDUM OPINION**
                                                                     **AND ORDER**

Mario Jermaine Rolack,

        Petitioner-Defendant.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. No. 172) asserting that he received ineffective assistance of counsel, in effect, during his guilty plea. The United States of America (the "Government") opposes Petitioner-Defendant's petition (Doc. No. 180).

Petitioner-Defendant alleges that with respect to 18 U.S.C. § 924(c) that the legal requirements of aiding and abetting liability were not appropriately and effectively explained to him and that there was no factual basis for his plea and consequently that his counsel was ineffective for failing to object to this deficiency. (Doc. No. 173 at 6-16.) For the reasons stated below, the Court respectfully denies Petitioner-Defendant's motion.

## BACKGROUND

In March of 2020, the Minneapolis Police Department ("MPD") received information from a confidential and reliable informant ("CRI") stating that multiple men were selling large quantities of cocaine in the Minneapolis area. Through this informant information and other investigative efforts, the MPD uncovered that the Defendant, Rolack, his co-defendant, Lamond Leroy McCabe, and others were engaged in a large-scale cocaine trafficking operation, which was conducted at least in part out of a "stash house" apartment that McCabe was renting under an alias name in downtown Minneapolis.

On March 25, 2020, the day of arrest, Rolack and McCabe were observed obtaining a large, suspicious duffle bag from a residence in Bloomington and bringing it to the stash house apartment in downtown Minneapolis. Later that same day, and immediately before their arrest, Rolack and McCabe were observed leaving the apartment building with the same duffle bag. Rolack was rolling the bag, and then he passed it on to McCabe, who placed it inside his vehicle. The officers arrested the Defendants and searched the duffle bag, which was inside of McCabe's vehicle, locating approximately 30 milligrams of powder cocaine, 730 grams of crack cocaine, and two firearms. At the time of his arrest, Rolack was on federal supervised released and had active detainers-warrants in Hennepin County.

As observed by the Government, on June 10, 2020, Rolack and his co-defendant were indicted in a three-count indictment that charged each of them with (1) Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846; (2) Possession With

Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841; and (3) Possession of Firearms in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. § 24(c).

In December of 2020, counsel for each party as well as counsel for the Government requested a consolidated guilty plea and sentencing hearing which was then set for December 8, 2021. (Doc. No. 77 and 112.) At the hearing, Rolack entered pleas of guilty to Counts 2 and 3. (*See* Plea Agreement at Doc. No. 114.) Consistent with the majority of plea agreements that come before this Court, Rolack agreed to waive his right to appeal his sentence unless it exceeded 235 months imprisonment and agreed to waive his right to petition under 28 U.S.C. § 2255 except based on a claim of ineffective assistance of counsel. The Court sentenced Rolack to a total term of 192 months' imprisonment which represented 132 months on Count 2, plus the mandatory, consecutive sentence of 60 months on Count 3. Rolack did not appeal.

On May 26, 2022, Rolack filed the 2255 Petition before this Court setting aside and vacating his 924(c) on Count 3 and the 60-month consecutive sentence associated with Count 3. As noted above, Rolack now asserts that he received ineffective assistance of counsel during his guilty plea because he was not explained the legal requirements of aiding and abetting liability, and that there was no factual basis for his plea.

## DISCUSSION

**I.     Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In

3

making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II.     Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.* To establish that there was a deficient performance, the defendant must show that the errors were not

the result of "reasonable professional judgment." *Id.* at 690.  There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.*  A defendant must prove then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

> **A.     Failure to inform Defendant of the elements of a 924(c) violation and failure to establish a proper factual basis.**

Rolack asserts he was not appropriately informed of the legal requirements and elements of a 924(c) aiding and abetting violation set forth in *Rosemond v. United States*, 572 U.S. 65 (2014).  Rolack therefore asserts that his lawyer was ineffective for failing to object to the Court's alleged failure to correctly inform him of the nature of the charge pursuant to the Federal Rules of Criminal Procedure.

Respectfully stated, the assertions of Rolack are entirely contradicted by the record before the Court.  The factual basis set forth in the plea agreement confirm that Rolack's assertions are without merit.  The Court then and now finds that there was a proper and adequate factual basis admitted to by Rolack during his plea hearing.  The plea agreement and the transcript of the plea confirms this in all respects.

As observed by the Government, the plea agreement clearly states that on the date of his arrest, Rolack physically "possessed a duffle bag immediately prior to its recovery by law enforcement;" he "knew the drugs were inside the duffle bag . . . [and] intended to participate in their distribution;" he "knowingly possessed [the] two firearms located inside the duffle bag with the drugs;" he "possessed those firearms in furtherance of his

5

drug activity involving the seized substances;" and committed all this conduct "knowingly and intentionally, and with the understanding that his actions violated the law." (Plea Agr't at 2-3.)

As noted above, the Court then and now concludes that there was a proper factual basis that clearly established a substantive violation of 924(c). The record before the Court, as observed by the Government, clearly contradicts the assertions made at this time by the Defendant.

Given the record before the Court, once the Court had accepted the pleas of guilty, established an adequate factual basis and inquired repeatedly of Rolack if there were any other questions that he had, there was no reason, including no factual or legal basis, for defense counsel to object to the Court's factual basis finding, as well as the Court's finding that Rolack had knowingly and voluntarily entered the plea and then accepting the pleas of guilty in all respects. The record before the Court contradicts each and every assertion that Mr. Rolack is making at this time.

Finally, the Court finds the notion asserted by Rolack that his counsel should have objected to the asserted amendment of the indictment, namely, pleaded guilty to facts establishing principal liability vis-a-vis accomplice liability is entirely without merit and contrary to the record before this Court. Rolack's guilty plea was knowingly and voluntarily entered with the advice of counsel and the record before the Court clearly establishes a more than adequate legal and factual basis for the Court accepting his pleas and proceeding with sentencing. For this Court to conclude otherwise would be contrary to the entire record before this Court.

6

### III. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

### IV. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses any notion or finding by this Court that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. Not only did Petitioner-Defendant receive effective assistance of counsel, but he received a very fair and reasonable plea agreement under all of the circumstances based upon the record before the Court.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the record in this matter and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Mario Jermaine Rolack's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. [172]) is respectfully **DENIED.**

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 7, 2022         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge